**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000556
06-FEB-2025
07:55 AM
Dkt. 64 SO**

NO. CAAP-22-0000556

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RICHARD BALSIMO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-22-00154)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Richard J. Balsimo appeals from the Amended Judgment and Notice of Entry of Amended Judgment (**Amended Judgment**), filed on August 24, 2022, by the District Court of the Third Circuit, North and South Kona Division (**district court**).[1]  Following a bench trial, the district court found Balsimo guilty of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020).

---

[1]     The Honorable Kimberly Taniyama presided over the case.

On appeal, Balsimo raises a single point of error, contending that the district court erred in convicting him of OVUII because there was insufficient evidence that Balsimo's operation of a vehicle "[w]hile under the influence of alcohol" was "in an amount sufficient to impair [his] normal mental faculties or ability to care for [himself] and guard against casualty."  HRS § 291E-61(a)(1).[2]

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Balsimo's point of error as follows.

We consider the evidence adduced at trial "in the strongest light for the prosecution" when "pass[ing] on the legal sufficiency of such evidence to support a conviction." State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted).  The test on appeal is whether there was

---

[2]     HRS § 291E-61(a)(1) provides that,

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty . . . .

Balsimo does not contend that there was insufficient evidence to establish he was under the influence of an intoxicant, or that he operated or assumed actual physical control of a vehicle.

substantial evidence to support the conviction. Id. (citations omitted).

"Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (cleaned up). The trial judge in a bench trial, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

Considering the evidence adduced at trial in the strongest light for the prosecution, we conclude that Balsimo's conviction for OVUII is supported by substantial evidence.

Hawaiʻi County Police Department (**HPD**) Officer Thomas Koyanagi (**Officer Koyanagi**) testified that on January 8, 2022, after pulling Balsimo's vehicle over during a traffic stop for a defective brake light and expired registration and safety, he observed, inter alia, that Balsimo had "red, watery, glassy eyes," and that he "could smell the odor of [an] alcoholic beverage coming from the vehicle."

HPD Officer Len Hamakado (**Officer Hamakado**), who was called to assist Officer Koyanagi with the traffic stop, also observed that Balsimo had "red, watery, glassy eyes," and the smell of "an intoxicating beverage" coming from the vehicle.

3

Officer Hamakado also testified that Balsimo agreed to participate in a standardized field sobriety test (**SFST**). Officer Hamakado administered the three-part SFST, and testified at trial as to Balsimo's conduct and actions while performing the SFST. "[E]vidence of a driver's conduct and physical actions while performing a SFST is not only relevant to probable cause for an arrest, but is also admissible as indicia of whether a driver was OVUII beyond a reasonable doubt." State v. Jones, 148 Hawaiʻi 152, 172, 468 P.3d 166, 186, (2020).

Officer Hamakado observed all three clues indicating impairment during Balsimo's performance of the horizontal gaze nystagmus test: a lack of smooth pursuit in both eyes; distinct and sustained nystagmus at the maximum deviation of both eyes; and an onset of nystagmus prior to 45 degrees in both eyes. Officer Hamakado observed the following clues indicating impairment during Balsimo's performance of the walk-and-turn test: missing a heel-to-toe step on both the first and second set of nine; stepping off the line; raising his arms; conducting an improper turn; and having stopped walking on his ninth step. And Officer Hamakado observed two clues of impairment – swaying, and "raising his arms" – during Balsimo's performance of the one-leg stand test. In sum, Officer Hamakado observed that Balsimo had exhibited a total of 14 out of 18 possible clues of impairment.

HPD Officer Jason Foxworthy (**Officer Foxworthy**), who observed portions of the SFST, further testified that "it looked like [Balsimo] was unable to keep his balance," "was unsteady," and "stopped more than . . . once to catch his balance" during the walk-and-turn test. Officer Foxworthy testified that, during the one-leg stand test, "it looked like [Balsimo] was swaying while the test was being performed."

Based on the testimony of Officers Koyanagi, Hamakado, and Foxworthy, we conclude that there was substantial evidence that Balsimo's operation of a vehicle while under the influence of alcohol was in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

For the foregoing reasons, we affirm the Amended Judgment.

DATED: Honolulu, Hawaiʻi, February 6, 2025.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge